# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

Criminal No. 23-307 (JRT/DTS)

v.

JAMES ANDRE BANKS,

Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

---

Craig R. Baune and David Green, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

James Andre Banks, SPN # 29272, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Paul C. Engh, **PAUL ENGH ATTORNEY AT LAW**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, Standby Counsel for Defendant.

Defendant James Andre Banks is charged with possession with intent to distribute methamphetamine and cocaine, felon in possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. He filed various pretrial motions to dismiss the charges against him, suppress evidence, compel discovery, and obtain other forms of relief. Magistrate Judge David T. Schultz issued an Order denying the non-dispositive motions and a Report and Recommendation ("R&R") recommending that the Court deny the motions to dismiss and motions to suppress. Banks objected to the Order and the R&R, largely reiterating arguments raised in his original motions. Upon de novo review, the Court will overrule Banks's objections, adopt the R&R, and deny the motions

to dismiss and motions to suppress.  The Court will also affirm the Magistrate Judge's

Order as to the non-dispositive motion rulings.

## BACKGROUND

### I.    FACTS

Because the R&R comprehensively provides the background of this matter, the

Court will only briefly summarize the relevant background information.  The present

action arises out of a Minneapolis Police Department ("MPD") investigation that resulted

in Banks's arrest.

On June 5, 2023, Minneapolis Police Officer Jeff Werner obtained a search warrant

for James Andre Banks and his 2021 black Chevy Equinox with the license plate KNF-009.

(Gov.'s Resp., Ex. A, Feb. 21, 2025, Docket No. 101-1.)  The search warrant was based on

information received from a confidential reliable informant ("CRI"), who had a seven-year

history of providing reliable information to the MPD.  (*Id.* at 2.)  The property to be seized

included illegal narcotics, narcotics paraphernalia, evidence to show constructive

possession, proceeds from the sale of illegal narcotics, firearms and firearm accessories,

and cell phones and other computer devices.  (*Id.* at 1.)

Sometime within the 72 hours before Officer Werner applied for the search

warrant, the CRI reported to him that a man known as "Melo" possessed a black semi-

automatic handgun with an extended magazine, crack cocaine, and blue fentanyl pills and

was seen driving a black Chevy Equinox with the license plate KNF-009 in South

Minneapolis near Lake Street and Park Avenue.  (*Id.*)  The CRI reported that Melo carries

a handgun for protection in connection with drug trafficking, and that he sells most of his narcotics in the evening hours after 8:00 pm.  (*Id.*)  The CRI described Melo as a Black man, 30 to 40 years old, about six feet tall, and with a medium build and afro.  (*Id.*)

A run of the license plate number KNF-009 returned a black Chevy Equinox registered to Banks.  (*Id.*)  After being presented with a photo of Banks from a motor vehicle records database, the CRI identified Melo as Banks.  (*Id.*)  Given Banks's criminal history and probation status, he is not allowed to possess a firearm.  (*Id.* at 2.)

A Hennepin County judge issued the search warrant, and on June 10, 2023, officers located Banks in his Equinox near Lake Street and Park Avenue.  (*Id.* at 5–7; Def.'s Mot. Suppress, Ex. D ("Police Report"), Oct. 17, 2024, Docket No. 69-2.)  When approached by officers, Banks fled on foot, and a handgun fell off his person before he was apprehended by police.  (Police Report.)  A search of Banks and the vehicle yielded narcotics and a firearm from Banks's pocket; officers also recovered the discarded firearm.  (*Id.*)

On June 12, 2023, the State of Minnesota charged Banks with selling narcotics and being in possession of a firearm by a person convicted of a crime of violence.  (Def.'s Mot. Suppress, Ex. F.)  On October 4, 2023, Banks was federally indicted for possession with intent to distribute methamphetamine and cocaine, being a felon in possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. (Indictment, Docket No. 1.)  The Indictment included sentencing enhancement allegations

under 21 U.S.C. § 851 based on Banks's prior convictions for second-degree murder and assault. (*Id.* at 3–4.)

## II.    PROCEDURAL HISTORY

Banks filed various pretrial motions seeking, among other things, to dismiss the Indictment, to suppress evidence, to compel discovery, to have a *Franks* hearing, to subpoena the affidavit affiant, to receive an "*Old Chief*" instruction, to exclude United States witnesses and exhibits, to receive grand jury transcripts, to strike the § 851 enhancement, and to recover property seized during the search. (*See* Docket Nos. 66–67, 69–72, 75, 77–78, 90–91, 93–94, 100, 104–105.)  The Magistrate Judge issued an Order denying the non-dispositive motions and an R&R recommending the denial of Banks's motions to dismiss and motions to suppress. (Order at 34, May 9, 2025, Docket No. 125; R. & R. at 35, May 9, 2025, Docket No. 124.)  Banks filed objections to both the Order and the R&R. (Obj. to R. & R., July 8, 2025, Docket No. 135; Def.'s Suppl. Obj. to R. & R., July 18, 2025, Docket No. 138.)[1]  Banks also filed a motion to supplement his exhibits with another police report detailing the surveillance and arrest of Banks. (Def.'s Mot. Amend Ex., July 8, 2025, Docket No. 136.)[2]

---

[1] On July 8, 2025, Banks filed a motion requesting permission to file supplemental objections to the R&R. (Def.'s Mot. Request Permission, Docket No. 137.)  Because Banks filed this request before the deadline for his objections were due, which was July 14, and his supplemental objections were filed by July 18, thus causing little to no prejudice to the United States in forming its response to the objections, the Court will grant the motion and consider Banks's supplemental objections. (*See* Order, June 30, 2025, Docket No. 134.)

[2] The Court will grant the motion.

**DISCUSSION**

**I.    DISPOSITIVE MOTIONS**

    **A.    Standard of Review**

After an R&R is filed by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2); *accord* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(1).   "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court "must consider de novo any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).

    **B.    Analysis**

Banks objects to the Magistrate Judge's recommendation that the Court deny the motions to dismiss and motions to suppress.  The Court reviews the motions de novo.

        **1.    Motions to Dismiss**

Banks moves to dismiss his Indictment based on numerous alleged constitutional violations related to his search warrant and indictment process.  The Court will take each in turn.

        **a.    United States' Motion for an Extension**

Banks first moves to dismiss the Indictment because the Court granted the United States a two-week extension of time to file its response to Banks's pretrial motions.

(Gov.'s Mot. Extension, Feb. 7, 2025, Docket No. 97; Order, Feb. 7, 2025, Docket No. 98.) The request, which was submitted before the original response deadline, was granted "for good cause" given the United States' need for more time to review Banks's numerous pretrial motions that spanned nearly 250 pages. *See* Fed. R. Crim. P. 45(b)(1)(A) (declaring that a court may grant an extension "for good cause . . . on a party's motion made . . . before the originally prescribed or previously extended time expires"). Banks objects to the extension, arguing that the United States' failure to comply with procedural rules and constitutional guarantees warrants dismissal of the charges against him.

First, Banks asserts that the United States violated the Fifth and Sixth Amendments by failing to provide him with notice or an opportunity to object to the extension request. Even though it appears that Banks was not served with a copy of the request for an extension, there is no explicit requirement that Banks have an opportunity to object to such a request. *See* Fed. R. Crim. P. 45. And, in any event, Banks was able to file a response, and his objections have been fully considered by the Court. Accordingly, there was no prejudice to Banks.

Second, Banks argues that the United States was required to show excusable neglect under Rule 45(b)(1)(B). But the excusable-neglect standard applies only when a motion for extension is filed after the relevant deadline. *See* Fed. R. Crim. P. 45(b)(1)(B). Here, the United States filed its request for an extension before the original response deadline, so the good cause standard applies, which the Court finds satisfied.

-6-

Finally, Banks contends that the fourteen days granted in the extension should not be excluded from the Speedy Trial clock because the Court did not make an explicit finding under 18 U.S.C. § 3161(h)(7).  However, the Speedy Trial Act automatically excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).  Accordingly, the time was automatically excluded under § 3161(h)(7)(A).

The Court will deny the motions to dismiss based on the extension granted to the United States to respond to Banks's pretrial motions.

### b.    Pre-Indictment Delay

Banks next argues that the delay between his state arrest and his federal Indictment violated the Speedy Trial Act and his constitutional rights, thus warranting dismissal of the charges against him.

The Speedy Trial Act requires an indictment to be filed within thirty days of a federal arrest for the offense charged.  18 U.S.C. § 3161(b).  A state arrest does not trigger this deadline, even if it relates to conduct later charged federally.  *United States v. Garner*, 32 F.3d 1305, 1309 (8th Cir. 1994).  Banks argues that his arrest involved federal authorities, citing an MPD report indicating coordination between the MPD's Gun Investigation Unit and various state and federal agencies.  But any such coordination does not turn Banks's state arrest into a federal one.  The MPD executed the arrest, and the Hennepin County Attorney's Office brought the state charges.  There is no evidence that state officers acted as agents of the federal government or that federal agents directly

participated in the arrest. Accordingly, § 3161(b)'s 30-day deadline was not triggered by Banks's state arrest.

Banks's constitutional challenges fare no better. The Sixth Amendment right to a speedy trial does not apply to the period between a state arrest and a later federal indictment on different charges. *See United States v. Burkhalter,* 583 F.2d 389, 392 (8th Cir. 1978). And the Fifth Amendment's due process clause protects against "oppressive" pre-indictment delay only where the delay was both unreasonable and substantially prejudicial. *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir. 1986). Banks fails to meet his burden of showing actual prejudice in the four-month delay between his state arrest and the federal Indictment; for example, he has not identified the loss of specific witnesses or documents during the delay that is attributable to the United States. *See id.* ("To prove actual prejudice, a defendant must specifically identify witnesses or documents lost during delay properly attributable to the government."). Furthermore, there is no showing that the United States intentionally delayed the Indictment to harass Banks or to gain a tactical advantage. *United States v. Stierwalt*, 16 F.3d 282, 285 (8th Cir. 1994). Accordingly, Banks's challenges based on pre-indictment delay fail.

The Court will deny the motions to dismiss based on any pre-indictment delay.

### c.    Post-Indictment Delay

Banks also argues that the charges against him should be dismissed for post-Indictment delay. In particular, he argues that his previous counsel improperly filed motions on his behalf without telling him and disregarded arguments he wanted to raise,

which excluded time under the Speedy Trial clock to Banks's disadvantage. Banks also argues that the United States contributed to this alleged unconstitutional delay.

The Speedy Trial Act requires that a trial of a defendant who has pled not guilty must commence within 70 days from the date that the information or indictment is filed. 18 U.S.C. § 3161(c)(1). However, as explained above, the Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).

Banks appears to be making an ineffective assistance of counsel argument. Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, Banks must show that his "counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). Counsel's performance is deficient if the "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel's performance is prejudicial if it "renders the result of the trial unreliable or the proceeding fundamentally unfair." *El-Tabech v. Hopkins*, 997 F.2d 386, 389 (8th Cir. 1993).

Banks' ineffective assistance argument fails. Banks failed to support his argument that his counsel's performance was deficient and prejudicial to Banks with anything other than conclusory statements. To the extent Banks argues that his counsel's filing of pretrial motions was deficient, the Court fails to see how counsel's efforts to move on Banks's

behalf was constitutionally deficient. If anything, such motion practice suggests that Banks had effective assistance of counsel. And, to the extent Banks argues that his counsel's filing of pretrial motions was prejudicial, Banks has offered no supported explanation of how he has been prejudiced.

Furthermore, to the extent Banks argues that the United States also contributed to unconstitutional post-indictment delay, Banks fails to explain how it did so. For example, Banks has not demonstrated that the United States was negligent in delaying Banks's trial. *See United States v. Erenas-Luna*, 560 F.3d 772, 777–78 (8th Cir. 2009) (applying the four-factor *Barker* test). If anything, it is Banks's own numerous pretrial motions that have contributed to the delay in trial, not those of the United States. *See id.* at 778 (declining to attribute delay of defendant's own motions to any government negligence).

The Court will deny Banks's motions to dismiss for any post-indictment delay.

### d.    *Younger* Abstention

Banks moves to dismiss all charges against him pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), arguing that the United States must abstain from adjudicating the federal Indictment while the state criminal proceeding remains pending. However, Banks misunderstands *Younger* abstention. A federal prosecutor can indict a state criminal defendant even while state proceedings are ongoing. *United States v. Geiger*, 263 F.3d 1034, 1040 (9th Cir. 2001) (citing *Abbate v. United States*, 359 U.S. 187, 195 (1959)). As applied to this case, the *Younger* abstention doctrine does not mandate the dismissal of

this federal criminal proceeding due to the parallel state criminal proceeding. Accordingly, the Court denies Banks's motions to dismiss based on *Younger* abstention.[3]

### e.    Duplicity

Banks moves to dismiss the Indictment based on duplicity.  Duplicity occurs when two or more separate offenses are joined in a single count; the risk is that a jury may not unanimously convict the defendant with respect to each particular offense that is joined in the single count.  *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018).

For Count One, Banks argues that charging him with possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) is duplicitous.  But §§ 841(b)(1)(B) and 841(b)(1)(C) are penalty provisions that impose sentencing enhancements under certain circumstances when § 841(a) is violated; they do not create separate offenses.  *See United States v. Lewis,* 895 F.3d 1004, 1009 (8th Cir. 2018) ("Section 841(b)(1)(C) is a sentencing enhancement, not a separate offense.").  Accordingly, Count One is not duplicitous.

---

[3] Banks also filed a separate motion to dismiss based on *Younger* and *Colorado River* abstention on August 27, 2025.  (Mot. Dismiss, Docket No. 142.)  The *Colorado River* abstention doctrine requires that federal courts abstain from exercising jurisdiction when there is a parallel state proceeding, but only for "exceptional circumstances."  *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  There are no exceptional circumstances here, as parallel state and federal prosecution for the same offense is permissible.  *Cf. Abbate*, 359 U.S. at 195.  Accordingly, the Court will deny the motion.

For Count Two, Banks argues that charging him with possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) is duplicitous.  But § 924(a)(8) is a penalty provision, not a separate offense, and is routinely charged in conjunction with violations of § 922(g).  *E.g.*, *United States v. Tucker Jackson*, 106 F.4th 772, 774 (8th Cir. 2024).  Thus, Count Two is not duplicitous.

For Count Three, Banks argues that charging him with carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) is duplicitous because the statute contains two separate offenses.  But even though § 924(c)(1)(A) does criminalize two separate offenses, i.e., possession of a firearm in furtherance of a crime of violence or drug trafficking offense and carrying of a firearm during and in relation to such a crime, the Indictment only charges Banks with one of those offenses.  Accordingly, Count Three is not duplicitous.

Because the Indictment is not duplicitous, the Court will deny Banks's motions to dismiss based on duplicity.

### f.    Multiplicity

Banks also moves to dismiss the Indictment based on multiplicity, arguing that Counts One and Two charge the same offenses charged in Count Three.  "An indictment is multiplicitous if it charges the same crime in two counts."  *United States v. Sandstrom*, 594 F.3d 634, 651 (8th Cir. 2010) (quoting *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005)).  Here, Counts One, Two, and Three charge distinct, separate offenses. Possession with intent to distribute methamphetamine and cocaine, being a felon in

possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime are separate and distinct offenses that are routinely charged together. *E.g.*, *United States v. Quintanilla*, 25 F.3d 694, 697 (8th Cir. 1994); *United States v. Peyton*, 108 F.3d 876, 877 (8th Cir. 1997). Because the three charges against Banks are separate and distinct, the Court will deny Banks's motions to dismiss based on multiplicity.

### g.    Constitutionality of 18 U.S.C. § 922(g)(1)

Banks also moves to dismiss based on the unconstitutionality of 18 U.S.C. § 922(g)(1), which criminalizes being a felon in possession of a firearm. Banks claims that § 922(g)(1) is a bill of attainder and infringes on Banks's right to keep and bear arms under the Second Amendment. However, the Eighth Circuit has upheld the constitutionality of § 922(g)(1). *See United States v. Jackson*, 110 F.4th 1120, 1125 (2024). And § 922(g) is not a bill of attainder because the statute does not declare that a person is automatically guilty of being a felon in possession of a firearm based on a prior felony conviction, nor does it impose punishment without a trial. *See United States v. Hemmings*, 258 F.3d 587, 594–95 (7th Cir. 2001); *see also United States v. Stanko*, 641 F. Supp. 2d 866, 871 (D. Neb. 2009) (finding a similar argument devoid of merit). Accordingly, the Court will deny Banks's motions to dismiss based on constitutional challenges to § 922(g)(1).

### h.    Selective and Vindictive Prosecution

Finally, Banks moves to dismiss due to selective and vindictive prosecution. However, Banks has failed to meet his heavy burden of supporting the theory that he was selectively prosecuted by being singled out from others similarly situated or that his

prosecution was based on impermissible motive. *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004). Nor has he met his burden of establishing that the United States was vindictive, or exercised bad faith or maliciousness, in deciding to prosecute Banks. *Id.* Therefore, the Court will deny Banks's motions to dismiss based on selective and vindictive prosecution.

\* \* \*

In sum, Banks's various theories for why the charges against him should be dismissed fail. Accordingly, the Court will deny Banks's motions to dismiss.

### 2. Motions to Suppress

Banks also moves to suppress evidence obtained pursuant to the search warrant that was executed on June 10, 2023. Banks argues that the warrant violated the Fourth Amendment because it was issued without probable cause. In particular, Banks challenges the reliability of the CRI. He also claims that the application for the search warrant lacked material specificity and authenticity.

A search warrant must be based upon a finding that there is probable cause to believe that evidence of a crime will be found in the place searched. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). Probable cause is determined by the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–31, 233 (1983). The issuing judge's "determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). When a search warrant is based solely on an affidavit, courts may only consider "that information which

is found within the four corners of the affidavit" to determine the existence of probable cause. *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (quotation omitted). Ultimately, when reviewing the issuance of a search warrant, the Court must determine whether the judge had a "substantial basis" for finding probable cause. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006) (quoting *Gates*, 462 U.S. at 238–39).

Officer Werner applied for the search warrant primarily based on information from the CRI. An officer may rely on a tip for a search warrant application when the informant has provided reliable information previously or where the information is independently corroborated. *Id.* at 898. The CRI had a seven-year-long history of providing reliable information to the MPD, and he provided detailed information obtained through personal observation. Furthermore, information obtained from Officer Werner's subsequent investigation tended to corroborate the CRI's tip, as running the license plate returned the Equinox registered to Banks, who matched the CRI's general description of Melo. Thus, the Court finds that the issuing judge had a substantial basis for concluding that the four corners of the affidavit supported probable cause.

Banks argues that the inconsistency between the CRI's description of Melo as having an afro and Banks's lack of an afro (as depicted by Banks's current profile and in the Minnesota DMV photo of Banks that the CRI used to identify Banks as Melo) casts doubt on the reliability of the CRI's identification of Banks as Melo. Banks also argues that the single-photo identification was improperly suggestive. However, the Court finds

that the afro inconsistency does not overcome the other facts in the affidavit supporting probable cause. Namely, the fact that Banks's race, age, and vehicle match the description provided by the CRI. Similarly, the Court finds that the single-photo identification was not impermissibly suggestive or unreliable. *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 797 (8th Cir. 2013). Banks is free to challenge the CRI's identification of him as Melo at trial.

Banks also argues that the search warrant lacked sufficient specificity and authenticity to establish probable cause. The Court disagrees. As noted above, the affidavit contained sufficient facts to support the issuing judge's probable cause determination. Banks would require affidavits to include a higher level of specificity, one that would appear to approach the kind of evidence necessary to support a finding of guilt beyond a reasonable doubt, but that is not what is required for probable cause. Further, the search warrant itself described the property that was to be searched—Banks's person and vehicle—and the property to be seized, including illegal narcotics, narcotics paraphernalia, evidence tending to show constructive possession, proceeds from the sale of illegal narcotics, firearms and firearms accessories, and cell phones or computers used for communication, videos, and photos. This was sufficiently specific.

Furthermore, to the extent Banks challenges the search of his vehicle pursuant to the search warrant based on no apparent nexus between any criminal activity and the vehicle, his argument fails. The issuing judge can draw reasonable inferences about

where the allegedly illegal material is being kept. *Gates*, 462 U.S. at 240. Given the CRI's tip that Melo was in possession of illicit drugs and driving a black Chevy Equinox with license plate number KNF-009, the Court finds that the issuing judge's determination that the vehicle may contain the allegedly illegal material was reasonable.

Banks's argument that the search warrant lacked facts supporting probable cause to execute a nighttime search similarly fails. The CRI described Melo as selling most of his narcotics in the evening hours after 8:00 pm. Thus, the issuing judge's determination that the execution of the search warrant at nighttime was necessary to prevent the loss, destruction, and removal of the objects of the search was reasonable.

Finally, Banks's argument that a warrant was required to access his motor vehicle records also fails. Courts have held that there is no reasonable expectation of privacy in driver's license records. *See Kampschroer v. Anoka Cnty.*, 57 F. Supp. 3d 1124, 1143–44 (D. Minn. 2014), *aff'd*, 840 F.3d 961 (8th Cir. 2016). Without such an expectation of privacy, Banks lacks a reasonable interest in such records. *United States v. Bettis*, 946 F.3d 1024, 1027 (8th Cir. 2020).

In sum, the Court finds that the search warrant was supported by probable cause. Even if it were not supported by probable cause, however, the good-faith exception would apply. Evidence obtained in executing a defective search warrant will not be excluded if the officer acted in good faith in relying on the warrant and this reliance was objectively reasonable. *United States v. Leon*, 468 U.S. 897, 922 (1984). Banks has not

demonstrated that Officer Werner's reliance on the warrant was not in good faith or unreasonable.

Accordingly, the Court will deny Banks's motions to suppress.

## II.   NON-DISPOSITIVE MOTIONS

### A.  Standard of Review

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act.  28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a)(3).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).  "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation omitted).

Documents filed by a pro se litigant are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### B.    Analysis

Banks challenges the Magistrate Judge's denial of various non-dispositive motions. The Court will review each ruling for clear error.

#### 1.  *Franks* Hearing

Banks requests a *Franks* hearing to contest the validity of Officer Werner's affidavit.  Under *Franks v. Delaware*, criminal defendants can challenge the truthfulness of factual statements made in an affidavit supporting a search warrant, so long as certain criteria are met.  438 U.S. 154, 156 (1978).  Given the presumptive validity of affidavits supporting search warrants, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."  *Id.* at 171.

Banks claims that Officer Werner lied when he swore in his affidavit that he ran Banks's license plate because, when Banks reached out to the Minnesota Department of Public Safety, he was told there had been no searches of Banks's person or vehicle on the DMV database between June 1, 2023, and July 31, 2023.  However, the records provided by the United States indicate that Officer Werner ran Banks's vehicle on June 4, 2023. (*See* Gov.'s Resp., Ex. B, Docket No. 102.)  The Magistrate Judge found the United States' explanation for this inconsistency—that sometimes Driver and Vehicle Services audits mistakenly omit search queries that are submitted via separate databases—persuasive.

(*See* Gov.'s Resp. at 18.)  Because the Court also finds this explanation sufficient, the Magistrate Judge's denial of the request for a *Franks* hearing was not clearly erroneous.

### 2.    Grand Jury Transcripts

Banks requests the grand jury transcripts so that he can mount a defense to dismiss the Indictment based on the information presented to the grand jury.   "[A] long-established policy in the federal courts maintains the secrecy of [grand jury] proceedings," such that "[p]arties seeking disclosure must show a particularized need" for the material sought. *United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985) (internal quotation marks omitted).  The Magistrate Judge concluded that Banks failed to meet his burden of showing a particularized need for the grand jury transcripts.  This is because whether or not the search warrant was defective has no bearing on Banks's entitlement to grand jury transcripts, the Magistrate Judge had already rejected Banks's argument that the search warrant was defective, and Banks failed to explain how the grand jury transcripts would help him prepare a motion challenging the grand jury transcripts.  This ruling was not clearly erroneous.

### 3.    Motion to Compel

Banks moves for an order compelling discovery, particularly records related to any CRIs used in this case.  For example, Banks seeks records of the identity of the CRI, the CRI's criminal history, and "any and all instances in which the CRIs in this case have provided information to law enforcement in the past."  (Def.'s Mot. Compel, Docket No. 75-1.)  He also seeks to question the CRI on the veracity of the tip.

"The Government enjoys a limited privilege to keep its informants' identities confidential, one that yields to a defendant's showing that disclosure is 'relevant and helpful' to his defense or is 'essential to a fair determination' of his case." *United States v. Blair*, 93 F.4th 1080, 1084 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 401 (2024) (quoting *Roviaro v. United States*, 353 U.S. 53, 59–61 (1957)).  Disclosure is not required if the CRI's information is not material, which is "when the informant 'merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense.'"  *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) (quoting *United States v. Chevre*, 146 F.3d 622, 623 (8th Cir. 1998)).

The Magistrate Judge denied Banks's request because the CRI was merely a tipster.  Though, the Magistrate Judge did require that the United States meet and confer with Banks's standby counsel to verify that Banks has received all discovery to which he is entitled.  This ruling was not clearly erroneous.

In addition, Banks makes a case for entrapment, arguing that he would not have possessed firearms or committed any of the alleged charges absent meddling by the government.  He seeks information about the CRI to mount this defense.  However, as the Magistrate Judge concluded, Banks fails to make any plausible argument regarding how entrapment applies to this case, such as how the CRI allegedly entrapped Banks into the charged criminal activity or was anything more than a mere tipster.  This ruling was also not clearly erroneous.

### 4.    Motion to Dismiss § 851 Notice

Banks moves to dismiss the United States' notice of Banks's prior convictions under 21 U.S.C. § 851, which prohibits people convicted of § 841 offenses from being sentenced to increased punishment because of a prior conviction unless the United States' attorney notices the previous conviction before trial. 21 U.S.C. § 851(a)(1). In the Indictment, the United States provided notice of Banks's prior convictions of second-degree murder and second-degree assault.

Banks attacks the § 851 notice on procedural and constitutional grounds. The Magistrate Judge denied what he interpreted as a motion to strike the § 851 notice. Whether the § 851 notice was given consistently with the Department of Justice's charging principles and policies does not justify dismissing the § 851 notice. *See In re U.S.*, 197 F.3d 310, 315 (8th Cir. 1999) ("Courts have generally refrained from judicial review of asserted violations of DOJ policies or regulations because of the unique nature of prosecution and the 'broad discretion' granted the Attorney General and federal prosecutors in their enforcement of the laws of the United States."). And sentencing enhancements do not run afoul of double jeopardy protections. *Monge v. California*, 524 U.S. 721, 728 (1998) (noting sentencing enhancements have not "been construed as additional punishment for the previous offense" and instead serve as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one"). Banks's prior convictions from February 20, 2007, are final, *United States v. Maxon*, 339 F.3d 656, 659 (8th Cir. 2003) (holding that a conviction is final for § 841 enhancements

when the conviction is "no longer subject to examination on direct appeal"), and determining whether an enhancement based on those convictions would be appropriate is premature at this stage. The Court finds that the Magistrate Judge's denial of Banks's motion to dismiss the § 851 notice was not clearly erroneous.

### 5.    *Old Chief* Instruction

Banks requests an *Old Chief* instruction, wherein he offers to stipulate to his prior criminal record for the purpose of establishing his felony status as an element of conviction. *Old Chief v. United States*, 319 U.S. 172 (1997). Banks fears the prejudicial impact that introducing evidence of his prior convictions may have at trial.

The Magistrate Judge denied Banks's request without prejudice because Banks indicated that he intends to argue that he did not know he was a prohibited person at the time of the offense, such that evidence of his knowledge of his prior convictions may be admissible at trial. In other words, the Magistrate Judge concluded that whether evidence of Banks's prior convictions is admissible at trial is a premature evidentiary decision for the Court. The Magistrate Judge's denial of the request without prejudice was not clearly erroneous. Denial without prejudice means that Banks can raise this argument again before or during trial.

### 6.    Objection to Government Witnesses and Exhibits

Banks filed an objection to witnesses and evidence proposed by the United States in response to Banks's suppression motion. But because the motions the United States

-23-

had responded to were terminated when Banks's previous counsel withdrew, the Magistrate Judge denied Banks's objection as moot. This ruling was not clearly erroneous.

### 7.    Return of Property

Banks seeks the return of property that was seized during his arrest pursuant to Federal Rule of Criminal Procedure 41(g), including Banks's driver's license, black Chevy Equinox, cell phones, firearms and ammunition, marijuana, and currency. Rule 41(g) allows a person subjected to an unlawful search and seizure to move for the return of any property that was seized. Fed. R. Crim. P. 41(g). The Magistrate Judge denied Banks's request because the property is evidence of the crime (firearms, cell phones), constitutes contraband (marijuana), was forfeited through state court proceedings (currency), or was never in federal custody (black Chevy Equinox). A Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quotation omitted). The Magistrate Judge's ruling was not clearly erroneous.

### 8.    Waiver of the Reading of the Indictment

Finally, Banks contests his previous waiver of the reading of the Indictment when he entered his not guilty plea, which Banks claims he did not knowingly do because he did not fully comprehend the nature and consequences of waiving the reading of the Indictment. The Magistrate Judge denied Banks's request as moot, primarily because, even if Banks's waiver was invalid, the proper remedy would be a full reading of the

Indictment at the next court appearance, but that is not the relief Banks seeks. Instead, Banks insists that the United States must prove subject matter jurisdiction because the Indictment lacks a signature from the grand jury foreperson. However, a copy of the original signature page is filed with the Court. (*See* Docket No. 2-1.) Because it remains unclear what relief Banks seeks and the waiver of the reading of the Indictment does not otherwise impact Banks's substantive rights, the denial of Banks's request as moot was not clearly erroneous.

\*       \*       \*

The Magistrate Judge's rulings on the non-dispositive motions were not clearly erroneous. Accordingly, the Court affirms.

## CONCLUSION

Banks, who is charged with illegal narcotics and firearms offenses, objects to the Magistrate Judge's recommendation that the Court deny his motions to dismiss and motions to suppress. He also objects to the Magistrate Judge's denial of various non-dispositive pretrial motions. Upon de novo review, the Court will overrule Banks's objections, adopt the R&R, and deny the motions to dismiss and motions to suppress. Upon clear error review, the Court will also affirm the Magistrate Judge's Order as to the non-dispositive motion rulings.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

-25-

1. Defendant's Motion to Request Permission to Exceed Word or Line Limits [Docket No. 137] is **GRANTED**;

2. Defendant's Motion to Amend Exhibit [Docket No. 136] is **GRANTED**;

3. Defendant's Objections to the Report and Recommendation [Docket Nos. 135, 138] are **OVERRULED**;

4. The Magistrate Judge's Report and Recommendation [Docket No. 124] is **ADOPTED**;

5. Defendant's Motions to Dismiss [Docket Nos. 66, 70, 105, 142] are **DENIED**;

6. Defendant's Motions to Suppress [Docket Nos. 67, 69, 90, 91] are **DENIED**; and

7. The Magistrate Judge's Order on the non-dispositive motions [Docket No. 125] is **AFFIRMED**.

DATED:  September 11, 2025                         ___s/John R. Tunheim___
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                         United States District Judge