UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ANDRE BANKS,<br><br>Defendant. | Criminal No. 23-307 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE, DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING DEFENDANT'S MOTION TO RECONSIDER, AND DENYING DEFENDANT'S MOTION FOR TRANSCRIPTS** |

---

Craig R. Baune, David Green, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

James Andre Banks, SPN # 29272, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Paul C. Engh, **PAUL ENGH ATTORNEY AT LAW**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, Standby Counsel for Defendant.

Defendant James Andre Banks is charged with possession with intent to distribute methamphetamine and cocaine, felon in possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. There are presently several motions pending before the Court, each of which will be addressed in turn below.

I.  **GOVERNMENT'S MOTION IN LIMINE**

First, the Government has moved for an order "precluding any party from referencing any potential punishment at trial." (Gov't.'s First Mot. In Limine, Sept. 11, 2025, Docket No. 145.)  The Government further requests that "the jury be instructed that punishment, if any, is solely the province of the Court and is not to be considered during their deliberations." (*Id.*)  The Government, raising concerns regarding Banks's repeated arguments that the charges against him may create unwarranted sentencing disparities, cites case law supporting the proposition that "[t]he argument of counsel, generally speaking, should be confined to the evidence that has been produced and to such inferences as may reasonably be drawn therefrom." *See Brennan v. United States*, 240 F.2d 253, 263 (8th Cir. 1957).

Banks filed a motion objecting to the Government's motion. (Mot. Obj. & Refuse Gov't.'s Mot. In Limine, Oct. 2, 2025, Docket No. 154.)  Banks's filing primarily argues that the Court should not rule on the Government's motion because the Court lacks subject matter jurisdiction over this case under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971).  The Court restates here, as it has previously, that *Younger* abstention does not preclude the Court from exercising jurisdiction in this case. *See United States v. Banks*, No. 23-307, 2025 WL 2621753 at *4–5 (D. Minn. Sept. 11, 2025).

On the merits of the Government's motion, the Court recognizes that a jury's role at trial is to determine whether the Government has proven the defendant's guilt beyond a reasonable doubt.  This task does not include consideration of potential sentences or

punishments.  The Court therefore will grant the Government's request and will order that the parties refrain at trial from referencing potential punishments before the jury.  The Court will instruct the injury at trial that it may not consider possible punishment in reaching the verdict, as the Court has done in all criminal cases.

## II. BANKS'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

On October 2, 2025, Banks filed a Pro Se Notice of Interlocutory Appeal of the Court's order adopting the Magistrate Judge's Report and Recommendation.  (Not. Interlocutory Appeal, Oct. 2, 2025, Docket No. 152.)  Banks also applied to proceed *in forma pauperis* ("IFP") on appeal.  (Mot. Appeal In Forma Pauperis, Oct. 2, 2025, Docket No. 153.)

On October 10, 2025, the Eighth Circuit entered judgment dismissing Banks's appeal for lack of jurisdiction.  (Judgment of USCA as to James Andre Banks, Oct. 10, 2025, Docket No. 159.)  Although Banks appears to meet the criteria to proceed IFP, the Eighth Circuit's dismissal of Banks's appeal renders his motion to proceed IFP on appeal both moot and premature.  The Court will therefore deny the motion.

## III. BANKS'S MOTION FOR PERMISSION TO FILE MOTION TO RECONSIDER

Banks has also filed a request for permission to file a motion to reconsider. (Request for Permission, Oct. 22, 2025, Docket No. 161.)  The Local Rules of this District prohibit motions to reconsider unless expressly permitted by the Court and require a party wishing to file such a motion to first request permission of the court by letter. D. Minn. L.R. 7.1(j).  "A party must show compelling circumstances to obtain such

permission." *Id.* Banks's letter restates his arguments from previous stages of this case, and requests to file a motion for reconsideration will not be granted where the motion would only serve to relitigate old issues. The Court will deny Banks's request for permission to file a motion to reconsider

### IV. BANKS'S MOTION FOR STATUS CONFERENCE TRANSCRIPTS

Finally, Banks has moved to receive a copy of the transcript from the status conference held on October 2, 2025, which he argues should be "free due to IFP status." (Mot. Transcripts, Oct. 29, 2025, Docket No. 162.) Banks states that a free copy of the transcript is necessary to support his appeal to the Eighth Circuit—however, as discussed above, the Eighth Circuit has dismissed Banks's appeal for lack of jurisdiction. Accordingly, the Court will deny the motion.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's First Motion in Limine [Docket No. 145] is **GRANTED**. The parties are ordered to refrain at trial from discussing the potential punishments stemming from the charges in this case in front of the jury.

2. Defendant's Motion to Object and Refuse the Government's Motion in Limine [Docket No. 154] is **DENIED**.

3. Defendant's Application to Proceed In Forma Pauperis on Appeal [Docket No. 153] is **DENIED as moot**.

-4-

4. Defendant's Request for Permission to File Motion to Reconsider [Docket No. 161] is **DENIED**.

5. Defendant's Motion for Status Conference Transcripts [Docket No. 162] is **DENIED**.

DATED: December 2, 2025  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge