UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ANDRE BANKS,<br><br>Defendant. | Criminal No. 23-307 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO APPOINT NEW STANDBY COUNSEL, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL GRAND JURY PROCESS, DENYING DEFENDANT'S MOTION FOR GRAND JURY CHALLENGE SPECIALIST** |

---

Craig R. Baune, David Green, and Mary Riverso, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

James Andre Banks, SPN # 29272, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Paul C. Engh, **PAUL ENGH ATTORNEY AT LAW**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, Standby Counsel for Defendant.

Defendant James Andre Banks is charged with possession with intent to distribute methamphetamine and cocaine, felon in possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. Banks has filed a Motion for Appointment of New Standby Counsel (Docket No. 163), a Motion to Compel Grand Jury Process (Docket No. 164), and a Motion for a Grand Jury Challenge Specialist (Docket No. 170). The Court will deny Banks's motion for appointment of new standby counsel, grant

in part and deny in part Banks's motion to compel grand jury process, and deny Banks's motion for a grand jury challenge specialist.

## I. MOTION TO APPOINT NEW STANDBY COUNSEL

First, Banks asks the Court to remove his standby counsel, Paul Engh, and to appoint new standby counsel. (Def.'s Mot. to Appoint New Standby Counsel at 4, Dec. 1, 2025, Docket No. 163.) Banks requests that new standby counsel be appointed and that Engh be removed from the matter because of "an irreparable breakdown of communication, misrepresentation of facts, and ineffective assistance of counsel." (*Id.*) The Court will deny Banks's motion.

A pro se defendant does not have "an absolute right to standby counsel," and thus "does not have a right to standby counsel of his own choosing." *United States v. Webster*, 84 F.3d 1056, 1063 (8th Cir. 1996). If the district court has appointed standby counsel, a defendant can only compel the attorney's dismissal after satisfying "the criteria applicable to the discharge of a lawyer fully representing the accused." *Id.* These criteria include "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *Id.* at 1062 (citation omitted).

The Court concludes that Banks has failed to meet the criteria to warrant dismissal of his appointed standby counsel. Banks does not argue that his relationship with Engh is tainted by a conflict of interest or marked by an irreconcilable conflict. Instead, he argues that there has been an "irreparable breakdown of communication" between him and

Engh such that Engh's continued representation violates Banks's Sixth Amendment right to effective assistance of counsel. (Def.'s Mot. to Appoint New Standby Counsel at 4.)

There are two problems with this argument. First, as a factual matter, the Court is not persuaded that Banks has shown a breakdown in communication sufficient to justify the discharge of Engh. According to Banks, Engh represented that the March 18, 2025 motion hearing would be continued because the Government sent their motions to Engh, not Banks, and that this representation was false. (*Id.* at 1–2.) Assuming this is true, Banks has demonstrated, at most, de minimis communication issues, which are insufficient. *See United States v. Long Crow*, 37 F.3d 1319, 1325 (8th Cir. 1994).

Second, because Banks has elected to represent himself, he has waived his right to claim ineffective assistance of counsel. *See United States v. Williamson*, Crim. No. 14-151, 2014 WL 12695379, at *6 (D.D.C. Oct. 16, 2014) ("[H]aving elected self-representation, a defendant cannot later complain of ineffective assistance of counsel"); *London v. Clements*, 600 F. App'x 462, 466 (7th Cir. 2015). In other words, because Banks is proceeding pro se, his alleged communication issues with Engh cannot constitute ineffective assistance of counsel.

Because Banks has failed to show a conflict of interest, irreconcilable conflict, or a complete breakdown in communication with Engh, the Court will deny Banks's Motion for Appointment of New Standby Counsel.

II.   **MOTION TO COMPEL GRAND JURY PROCESS**

Second, Banks filed a motion seeking to compel the Government and his standby counsel, Engh, to provide him unredacted grand jury process information under 28 U.S.C. § 1867(f).[1]  (Def.'s Mot. to Compel Grand Jury Process, Dec. 1, 2025, Docket No. 164.)  On April 17, 2025, Magistrate Judge David T. Schultz granted Banks's request for jury lists under § 1867(f) but ordered that the requested information be filed under seal without the names and addresses of the jurors.  (Order Granting in Part and Denying in Part Mot. Dismiss, Apr. 17, 2025, Docket No. 117; *see also* Protective Order, Apr. 17, 2025, Docket No. 118.)  Although Banks acknowledges that the grand jury material "was sent to Engh months ago," Banks asserts that he has not received the information and that his rights are being violated as a result.  (Def.'s Mot. to Compel Grand Jury Process at 2.)  Banks further requests that the grand jury information be provided to him unredacted.  (*Id.*)

After careful review of the docket, it appears that the requested grand jury material has been filed under seal consistent with the Magistrate Judge's April 17, 2025 protective order at Docket No. 119.  (*See* Protective Order at 1 ("The Protected Material will be filed under seal and may be reviewed only by the Parties and their counsel.").)  Out of an abundance of caution, the Court will order that a copy of the redacted jury selection records located at Docket No. 119 be provided to Banks, consistent with and subject to

---

[1] Under 28 U.S.C. § 1867(f), "a litigant has essentially an unqualified right to inspect jury lists," ensuring access to information necessary to challenge jury-selection procedures.  *Test v. United States*, 420 U.S. 28, 30 (1975).

the same conditions set forth in the Magistrate Judge's April 17, 2025 Orders (Docket Nos. 117 & 118).[2]

### III. REQUEST FOR GRAND JURY CHALLENGE SPECIALIST

Third, Banks filed a motion requesting funding for a grand jury challenge specialist. (Def.'s Mot. for Grand Jury Challenge Specialist, Jan. 7, 2026, Docket No. 170.)  Under 18 U.S.C. § 3006A(e), a "financially unable" defendant may "request funding for 'investigative, expert, or other services necessary for adequate representation.'" *United States v. Ladoucer*, 573 F.3d 628, 637 (8th Cir. 2009) (quoting *United States v. Ross*, 210 F.3d 916, 921 (8th Cir. 2000)).  To obtain such funding, the defendant must show (1) "that the expert is necessary to an adequate defense" and (2) that there is "a reasonable probability that the requested expert would aid in his defense and that the denial of funding would result in an unfair trial."  *Id.* (quoting *Ross*, 210 F.3d at 921).  Even construing Banks's pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Banks's request fails to explain, let alone show, how these requirements are met.  The Court will therefore deny Banks's motion for a grand jury challenge specialist.

Although the Court will not limit Banks's ability to file motions at this time, the Court cautions him against submitting repetitive or frivolous filings.  The Court instead

---

[2] For the reasons set forth in the Magistrate Judge's April 17, 2025 Order, the Court will deny Banks's request that the jury selection records be provided unredacted.  (*See* Order Granting in Part and Denying in Part Mot. to Dismiss at 2–3.)

urges Banks to direct his efforts toward preparing for trial and the upcoming hearing, at which the Court will address the parties' motions in limine.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Appointment of New Standby Counsel [Docket No. 163] is **DENIED**.

2. Defendant's Motion to Compel Grand Jury Process [Docket No. 164] is **GRANTED in part and DENIED in part**:

    a. Defendant's Motion is **GRANTED** to the extent he requests a copy of the grand jury materials that were filed at Docket No. 119. Defendant's Motion is **DENIED** to the extent he seeks an unredacted copy of such grand jury materials.

    b. The Clerk of Court is directed to provide Banks a copy of the grand jury selection records that were filed at Docket No. 119 within five days of the date of this Order, consistent with and subject to the same conditions set forth in the Magistrate Judge's April 17, 2025 Orders (Docket Nos. 117 & 118).

    c. The Clerk of Court shall file a declaration within three days of mailing, confirming that the redacted grand jury records have been mailed to the Defendant.

3. Defendant's Motion for a Grand Jury Challenge Specialist [Docket No. 170] is

   **DENIED**.


DATED:  January 9, 2026
at Minneapolis, Minnesota.

                                                  JOHN R. TUNHEIM
                                        United States District Judge