**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                                                    Criminal No. 23-307 (JRT/DTS)

                              Plaintiff,

v.                                                  **ORDER DENYING DEFENDANT'S**
                                                    **MOTION FOR DISCOVERY**

JAMES ANDRE BANKS,

                              Defendant.

Craig R. Baune, David Green, and Mary Riverso, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

James Andre Banks, SPN # 29272, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN 55330, *pro se* Defendant; Paul C. Engh, **PAUL ENGH ATTORNEY AT LAW**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, Standby Counsel for Defendant.

Defendant James Andre Banks pled guilty to one count of possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). Banks has filed a motion for discovery in advance of sentencing, requesting that the Court order the Government to produce information regarding the history and application of sentencing enhancements under 21 U.S.C. § 851. (*See* Docket No. 233.) Because Banks is not entitled to the requested discovery, the Court will deny Banks's discovery motion.

**BACKGROUND**

Banks was charged with (1) possession with intent to distribute methamphetamine and cocaine (Count 1), (2) being a felon in possession of a firearm (Count 2), and (3) carrying a firearm during and in relation to a drug trafficking crime (Count 3).  (Indictment at 1–3, Oct. 4, 2023, Docket No. 1.)  In the Indictment, the Government notified Banks that he was subject to enhanced penalty under 21 U.S.C. § 851 based on his prior convictions for second-degree murder and second-degree assault.  (*Id.* at 3–4.)  The Government alleged that both convictions were final and qualified as serious violent felonies.  (*Id.*; *see also* 21 U.S.C. § 841(b)(1)(B).)  Consequently, Banks's prior convictions increased the mandatory minimum sentence for Count 1 from five years to ten years.  *See* 21 U.S.C. § 841(b)(1)(B).

On January 21, 2026, Banks pled guilty to Count 1—possession with intent to distribute methamphetamine and cocaine.  (Plea Agreement ¶ 1, Jan. 21, 2026, Docket No. 212.)  In the "Factual Basis" section of the Plea Agreement, Banks admitted to the existence of his previous convictions for second-degree murder and second-degree assault.  (*Id.* ¶ 2.)  Banks, however, reserved the right to "present argument against the application of the § 851 enhancement," but agreed that he would not be permitted to withdraw his plea if the Court concluded that the § 851 enhancement applied.  (*Id.* ¶ 7(f).)

On May 7, 2026, the Court granted the Government's request for an evidentiary hearing, at which the parties may present evidence and argument concerning the applicability of the § 851 sentencing enhancement.  (Order, May 7, 2026, Docket No. 234.)

The hearing is scheduled to occur at sentencing, which is presently set for June 26, 2026. (*See id.*; Notice, May 18, 2026, Docket No. 237.)

The Court must resolve one pending motion before Banks is sentenced on June 26, 2026. On May 4, 2026, Banks filed motion for discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), requesting that the Government produce information filed by United States Sentencing Commission concerning the history and application of § 851 enhancements. (Def.'s Mot. for Disc. at 1, May 4, 2026, Docket No. 233.) Specifically, Banks is "seeking discovery of updated U.S. Sentencing Commission data regarding the Application and Impact of 21 U.S.C. § 851: Enhancement Penalties for Drug Trafficking Offenders," and he argues that such discovery is necessary "to explore mitigation factors at sentencing and to assess whether there is any basis for downward variance/departure, or striking § 851 herein." (Def.'s Mot for Disc. at 2.)

## DISCUSSION

Under *Brady*, the Government must "disclose any evidence favorable to the defendant and that is 'material either to guilt or to punishment.'" *United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). The Government's disclosure obligations "extend[] not only to evidence of which a prosecutor is aware, but also to material 'favorable evidence known to the others acting on the government's behalf in the case, including the police.'" *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)). The Government has a duty to disclose evidence known by those acting on its behalf, "even if

-3-

that evidence is not known to prosecutors, "because a prosecutor has a duty to learn of such information."  *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008).  The Government's disclosure obligations under *Brady* extend through sentencing.  *See United States v. Nikrasch*, 25 F. App'x 570, 573 (9th Cir. 2001).  Banks asks the Court to order the Government to produce certain sentencing data regarding impact of § 851 enhancements.

After careful review of the parties' arguments and the relevant legal principles, the Court will deny Banks's request.  Under *Brady*, the Government "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case[.]"  *Kyles*, 514 U.S. at 437.  Because the United States Sentencing Commission (the "Commission") is not acting on the Government's behalf, the Government has no duty to disclose the requested information under *Brady*.[1]

Courts have interpreted the phrase "acting on the government's behalf" to mean those individuals or agencies that were part of the prosecution team or were part of a joint investigation.  *Moon v. Head*, 285 F.3d 1301, 1309 (11th Cir. 2002); *United States v.*

---

[1] *See United States v. Marshall*, Crim. No. 08-50079-02, 2009 WL 1160929, at *1 (D.S.D. Apr. 29, 2009) (noting that "the government has no duty to seek out and provide discovery of evidence in the hands of third parties, even other government agencies, if those agencies are not acting on behalf of the government in this case"); *United States v. Voight*, No. 4:18CR3143, 2021 WL 2258733, at *2 (D. Neb. June 3, 2021) ("The prosecutors' discovery obligations are not violated by their failure to produce documents that are possessed by agencies which are not involved in the criminal investigation or when the prosecution has no control over the agency officials who physically possess the documents.").

*Hunter*, 32 F.4th 22, 35 (2d Cir. 2022) ("[A] prosecutor has a duty under *Kyles* to learn information when that information is possessed by others on the 'prosecution team.'"); *United States v. Farah*, Crim. No. 22-124, 2023 WL 8757097, at *10–14 (D. Minn. Dec. 19, 2023); *United States v. Gilbertson*, Crim. No. 17-661, 2018 WL 1905805, at *2 (D. Minn. Apr. 23, 2018) ("Whether the prosecution has a duty to conduct a *Brady* review of materials in the possession of another government agency depends on a fact-intensive inquiry into the extent to which the agencies conducted a joint investigation.").  And the record here contains no evidence that the Commission is part of the prosecution team or participated in a joint investigation such that the Government would be obligated to produce information within the Commission's possession or control.  The Government is therefore not required to produce the § 851 sentencing data from the Commission.

To the extent Banks requests publicly available data from the Commission, the Government has no duty to disclose such material because Banks has the same ability as the Government to request it from the Commission.  *See, e.g.*, *United States v. Zuazo*, 243 F.3d 428, 431 (8th Cir. 2001) (providing that the Government does not violate *Brady* when it "fail[s] to disclose evidence to which the defendant had access through other channels"); *United States v. Jones*, 34 F.3d 596, 600 (8th Cir. 1994) ("When information is

readily available to the defendant, it is not *Brady* material, and the prosecution does not violate *Brady* by not discovering and disclosing the information.")[2]

Accordingly, the Government is under no obligation to produce the sentencing information Banks is requesting.  The Court will therefore deny his motion for discovery.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Discovery (Docket No. [233]) is **DENIED**.


DATED: June 22, 2026
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                   United States District Judge

---

[2] Banks relies on *United States v. Young*, 960 F. Supp. 2d 881 (N.D. Iowa 2013), to argue that the Government must produce § 851 sentencing data.  But *Young* does not support that proposition.  In *Young*, the court analyzed § 851 sentencing data obtained from the Commission and expressed concern about the application of § 851 enhancements.  *Id.* at 908.  Critically, however, the data was not produced by the prosecution; rather, the court expressly noted that it had "requested it directly from the Commission."  *Id.*  Accordingly, *Young* provides no basis for compelling the Government to disclose information in the Commission's possession.  If anything, *Young* demonstrates that such information may be obtained directly from the Commission rather than through prosecutorial discovery obligations.  Indeed, requiring the Government to obtain and disclose information held by agencies—including the Commission—outside the prosecution team would impose unduly burdensome disclosure obligations on the prosecution.  *See Hunter*, 32 F.4th at 37 ("Limiting disclosure obligations to the 'prosecution team' prudently prevents a prosecutor from needing to search the 'whole-of-government' for possibly material information in myriad cases and controversies before the courts.").